IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA,

    Plaintiff.

v.                                                                                     Criminal Number 3:19-cr-065

JAMES VAUGHN,

    Defendant.

## PLEA AGREEMENT

The United States Attorney hereby proposes to the Court a plea agreement to be filed in this cause under Rule 11 of the Federal Rules of Criminal Procedure. Defendant has read and fully understands this plea agreement and approves same, realizing that the plea agreement is subject to acceptance or rejection by the Court. The plea agreement is as follows:

1.     GUILTY PLEA: The Defendant agrees to plead guilty under oath to Count Two of the Indictment which charges that on or around May 15, 2018, in the Northern District of Mississippi and elsewhere, for the purpose of maintaining and increasing position in the Simon City Royals, an enterprise engaged in racketeering activity the defendant, with others both known and unknown, aiding and abetting each other, did knowingly assault D.R. with a dangerous weapon, which resulted in serious bodily injury, in violation of Mississippi Code Annotated, Section 97-3-7, and all in violation of 18 U.S.C. §§ 1959(a)(3) and 2, and which carries a maximum possible penalty of twenty years imprisonment, not more than three years of supervised release, not more than a $250,000 fine, and a special assessment of $100.

2.     OTHER CHARGES: The United States agrees not to charge the defendant with any other offenses arising from or related to the above charge.

3.     OTHER AUTHORITIES: This agreement is limited to the United States Attorney's

Office for the Northern District of Mississippi and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities. This agreement applies only to crimes committed by the defendant. This agreement does not apply to any pending forfeiture proceedings, and shall not preclude any past, present, or future civil or forfeiture actions.

4. VIOLATIONS OF THIS AGREEMENT: Should the Defendant breach or otherwise violate any provision of this this plea agreement, including attempting to withdraw an already entered guilty plea, the government will be released from any sentencing recommendations or agreements the parties have reached herein and would become free to argue for any sentence within statutory limits. Should the Defendant have already pleaded guilty or been sentenced, the defendant's guilty plea or sentence will still be in effect and any breach by the Defendant does not give any right to withdraw from a guilty plea.

5. PLEA COLLOQUY: The Defendant understands that if he breaches this plea agreement then any statement made in the course of the plea colloquy may be used against the Defendant in any criminal prosecution. The Defendant knowingly, intelligently and voluntarily waives any objection based on Federal Rules of Evidence 410 and Rule 11(f) of the Federal Rules of Criminal Procedure.

6. RESTITUTION: The Defendant understands that the Court may order restitution in accordance with the provisions of 18 U.S.C. § 3663 for all offenses committed and specifically agrees that restitution is not limited to the count of conviction.

7. WAIVER OF ALL APPEALS AND COLLATERAL ATTACKS: Except for prosecutorial misconduct and ineffective assistance of counsel, Defendant hereby expressly waives any and all rights to appeal the conviction and/or sentence imposed in this case, and the manner in which sentence was imposed, on any ground whatsoever, including but not limited to the grounds set forth in 18 U.S.C. § 3742. Except for prosecutorial misconduct and ineffective assistance of counsel,

Defendant also hereby expressly waives all rights to contest or collaterally attack the conviction and/or sentence, and the manner in which sentence was imposed, in any post-conviction proceeding, including but not limited to a motion brought pursuant to 28 U.S.C. § 2255. Defendant waives these rights in exchange for the concessions and recommendations made by the United States in this plea agreement.

8. ACKNOWLEDGMENTS: Apart from being advised of the applicability of the U.S. Sentencing Guidelines, and other than as set forth elsewhere in the plea documents, no promise or representation whatsoever has been made to the Defendant as to what punishment the Court might impose if it accepts the plea(s) of guilty. This agreement fully reflects all promises, agreements, and understandings between the defendant and the United States Attorney.

The Defendant's agreement is knowing, free, and voluntary, and not the product of force, threat, or coercion. The Defendant is pleading guilty because the Defendant is in fact guilty.

This the 8th day of August 2019.

_____
WILLIAM C. LAMAR
United States Attorney
MS Bar No. 8479

**AGREED AND CONSENTED TO:**

_____
JAMES VAUGHN
Defendant

**APPROVED:**

_____
A.E. HARLOW, JR.
Attorney for Defendant
Mississippi Bar No.