# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                          NO. 3:19-CR-65-5

JAMES VAUGHN

## ORDER

On April 24, 2019, James Vaughn and six others were charged in a two-count indictment with assault with a dangerous weapon resulting in serious bodily injury for the purposes of maintaining and increasing their positions in the Simon City Royals, "a criminal organization engaged in narcotics distribution, firearms trafficking, and acts of violence involving murder, attempted murder, and assault." Doc. #1. At his change-of-plea hearing on September 12, 2019, Vaughn pled guilty to Count Two of the Indictment, Doc. #83, pursuant to a written plea agreement with the government, Doc. #82. The plea agreement was disclosed in open court; however, no accompanying plea supplement was presented.

On October 2, 2019, Vaughn filed a "Motion to Waive Local Criminal Rules 49.1(B)(2) Requirement for Plea Supplement." Doc. #106. As grounds, the motion, which is devoid of any authority supporting the relief Vaughn seeks, represents that:

> [Vaughn] has refused to cooperate with the government, and further refuses to sign a plea supplement due to fears that it will appear as if he is cooperating with the government. [Vaughn] is concerned that any appearance of cooperation with the government will put his life and the life of his friends and family in danger.

*Id.* at 1–2. The government did not respond to the motion.[1]

Local Criminal Rule 49.1(B)(2) provides:

All plea agreements shall be accompanied by a sealed document titled "Plea

---

[1] The government's deadline to respond has passed. *See* L.U. Crim. R. 47(C)(1) ("Within eleven calendar days after a motion is filed, the opposing party shall either respond to the motion or notify the court of its intent not to respond.").

> Supplement." The Plea Supplement will also contain the government's sentencing recommendation. The Plea Supplement will be electronically filed under seal. All cases will be docketed identically with reference to a sealed Plea Supplement, regardless of whether or not a cooperation agreement exists.

Given the circumstances present in this case, the Court declines to waive the plea supplement requirement for Vaughn.

Vaughn is one of seven defendants in this case charged with assault with a dangerous weapon resulting in serious bodily injury pursuant to membership in the Simon City Royals. As Vaughn acknowledged at his change-of-plea hearing, the Simon City Royals is a gang with operations across the nation and is well known for acts of violence and threats of violence. All of Vaughn's codefendants have pled guilty to one count of the Indictment based on a plea agreement with the government[2] and, in each instance, the plea agreement was accompanied by a plea supplement filed under seal.[3]

Because Local Rule 49.1 requires sealed plea supplements to be docketed identically in all cases *regardless of whether or not a cooperation agreement exists*, the fact that Vaughn's plea agreement is *not* accompanied by a sealed plea supplement implies that Vaughn's codefendants all cooperated while Vaughn did not. *See United States v. McCraney*, 99 F. Supp. 3d 651, 661 (E.D. Tex. 2015) ("[S]ealing the few addenda with a cooperation clause, while leaving the majority of addenda unsealed, would eviscerate the protection that Local Rule CR–49's uniform sealing requirement now provides."). Assuming Vaughn is correct that an appearance of cooperation with the government will jeopardize his life and the lives of his friends and family, such an implication necessarily exposes Vaughn's codefendants to the same danger. This result negates the obvious goal of Local Rule 49.1(B)(2)—to avoid any suggestion of cooperation from case to case by

---

[2] *See* Docs. #95, #97, #101, #121, #130; #140.

[3] *See* Docs. #96, #98, #102, #122, #131, #141.

mandating a uniform plea supplement filing process for *all* cases which does not distinguish cooperators from non-cooperators.[4]  *Id*.  This Court will not excuse Vaughn from complying with this procedural step when his codefendants have all done so.  Accordingly, Vaughn's motion to waive Local Rule 49.1(B)(2)'s plea supplement requirement [106] is **DENIED**.

**SO ORDERED**, this 5th day of December, 2019.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court notes that "[i]t is common for courts to temporarily seal records of criminal defendants' cooperation in order to protect the confidentiality of ongoing investigations, and to either temporarily or permanently seal records of cooperation to protect the safety of the cooperating defendants and the defendants' families." Robert Timothy Reagan, *Sealing Court Records and Proceedings: A Pocket Guide*, Federal Judicial Center, at 13 (2010) (citation omitted). Despite the undisputed need to protect cooperator information, federal courts have failed to develop a uniform policy for dealing with cooperator agreements.  *See* Hon. Anna J. Brown, *Filing Under Seal: Protecting "Cooperator Information,"* at 4 (2017 FJC Mid-Winter Workshop for Judges of the Ninth Circuit).  Such a policy is needed.